IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

S.R., an individual, and R.R., an
individual,

  Plaintiffs,

v.                Civ. No. 24-631 SCY/KK

COOPERSURGICAL, INC., and
THE COOPER COMPANIES, INC.,

  Defendants.

**ORDER GRANTING LEAVE TO PROCEED UNDER PSEUDONYMS**

Before the Court is Plaintiffs' Unopposed Motion for Leave to Proceed Under Pseudonyms (Doc. 22) ("Motion"), filed August 2, 2024. In their Motion, Plaintiffs seek leave to proceed as "S.R." and "R.R." in this lawsuit. (*Id.*) The Court, having reviewed the unopposed Motion, the record, and the relevant law, FINDS that the Motion is well-taken and should be GRANTED as set forth below.

**I. Background**

On April 26, 2024, Plaintiffs filed their complaint in this matter in state court under the pseudonyms "S.R." and "R.R." (Doc. 1-2 at 2.) In the complaint, Plaintiffs assert claims against Defendants CooperSurgical, Inc. and The Cooper Companies, Inc., for strict products liability, negligence, and gross negligence. (*Id.*) In support, Plaintiffs allege that they underwent in vitro fertilization ("IVF") treatment, which produced four embryos, but that Defendants' defective embryo culture media and negligent conduct caused the embryos' destruction. (*Id.*) Based on these allegations, Plaintiffs seek compensatory and punitive damages, costs, and pre- and post-judgment interest from Defendants. (*Id.*)

Defendants removed the case to federal court on June 20, 2024. (Doc. 1.) On July 1, 2024, the Court issued an Order to Cure or Show Cause in which it directed Plaintiffs to either (1) file a properly supported motion for leave to proceed anonymously or under a pseudonym in this lawsuit, or (2) show cause why they failed to file such a motion. (Doc. 5.) On July 18, 2024, Plaintiffs responded to the Court's order, asking for ten (10) days in which to file an amended complaint "to remove the pseudonyms and includ[e] the names of the Plaintiffs." (Doc. 16.)

In light of Plaintiffs' show-cause response, the Court quashed its show-cause order on July 22, 2024. (Doc. 17.) The Court also allowed Plaintiffs until August 1, 2024, to file either an amended complaint using their true names or "a properly supported motion for leave to proceed anonymously or under a pseudonym in this lawsuit." (*Id.*) The present Motion followed.[1]

**II.     Analysis**

As a preliminary matter, the Court must address whether it has jurisdiction to rule on Plaintiffs' Motion even though they did not seek leave to proceed under pseudonyms *before* filing their complaint. In *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001), the plaintiffs filed suit under pseudonyms without seeking the district court's leave. *Id.* at 1172. Without addressing the anonymity question, the district court granted the defendant summary judgment, and the plaintiffs appealed. *Id.* The Tenth Circuit dismissed the appeal for lack of jurisdiction because the plaintiffs had not obtained leave to proceed under pseudonyms. *Id.* at 1172-73. Among other things, the Tenth Circuit determined that the district court lacked jurisdiction to enter summary judgment because it had not granted the plaintiffs leave to proceed under pseudonyms when it made its

---

[1] Plaintiffs filed their original motion to proceed under pseudonyms on August 1, 2024, in compliance with the Court's deadline. (Docs. 17, 20.) However, the Court denied that motion without prejudice because it failed to indicate whether Defendants opposed it, as required by this Court's Local Rules. (Doc. 21.) On August 2, 2024, Plaintiffs filed the present Motion, which has been revised to indicate that Defendants do not oppose the relief requested. (Doc. 22 at 1 & n.1.) Thus, though the Motion is technically one day late, the Court construes it as having been timely filed.

substantive ruling. *Id*. Moreover, the Tenth Circuit held that the district court could not correct this jurisdictional defect *nunc pro tunc* while the case was on appeal. *Id*.

In dicta, the *Yocom* court stated that "[w]hen a party wishes to *file* a case anonymously or under a pseudonym, it must *first* petition the district court for permission to do so." *Id*. at 1172 (emphases added). In support of this statement, the court cited to *National Commodity & Barter Association v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) ("*Gibbs*"). The *Gibbs* court, however, did not directly address when a party seeking to proceed anonymously must get permission from the district court. In addition, what *Gibbs* did say suggests that such permission might properly be obtained after the complaint is filed. *See* 886 F.2d at 1245 ("In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants."). Reading *Yocom* in harmony with *Gibbs*, the Court does not believe it is bound to a strict reading of *Yocom*'s dicta.

Moreover, the Court notes that it would have been impossible for Plaintiffs to strictly comply with *Yocom*'s dicta in this case because they initially filed suit in state court and Defendants then removed the case to this Court. Thus, Plaintiffs had no opportunity to seek this Court's permission to proceed pseudonymously before filing their complaint in federal court. In fairness, the Court concludes that Plaintiffs must be afforded a reasonable period of time after removal to seek leave to proceed under pseudonyms.

Plaintiffs filed the present Motion promptly and at an early stage in the proceedings. The Court therefore concludes that they have sought leave to proceed under pseudonyms within a reasonable time after removal and that it has jurisdiction to rule on the Motion. However, *Yocom* makes clear that Plaintiffs must either obtain such leave or proceed using their true names before the Court will have jurisdiction to issue substantive rulings in the case. 257 F.3d at 1172-73.

Turning to the merits of Plaintiffs' Motion, Plaintiffs argue that "the incredibly sensitive, personal, and private" nature of their claims outweighs the public's interest in knowing their true identities. (Doc. 22 at 1.) Plaintiffs point out that

> [t]he evidence in this case will include details of S.R. and R.R.'s medical conditions that contributed to their infertility, their struggles to conceive naturally, the very invasive fertility treatments they underwent, and the emotional distress they endured following the destruction of [their] embryos, including mental health treatment. Plaintiffs did not disclose to friends or family that they were struggling to conceive or undergoing IVF treatment, and they do not intend to reveal that information.

(*Id.* at 2.) Plaintiffs further note that allowing them to proceed under pseudonyms will not prejudice Defendants because Defendants already know their true identities. (*Id.* at 5.) Finally, Plaintiffs assert that "the public has very little interest in knowing the names of the plaintiffs in this case," and that "all the facts of the case, the identities of the defendants, and any other information the public would need to evaluate the issues in the case or the court's performance will be in the public record." (*Id.* at 6.)

"Proceeding under a pseudonym in federal court is … an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation marks omitted). Federal Rule of Civil Procedure 10 provides that a complaint's title "must name all the parties," and Rule 17 states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a). The Rules include no exception that would allow competent adults to proceed anonymously or under fictitious names or initials. *Yocom*, 257 F.3d at 1172; *see also Gibbs*, 886 F.2d at 1245 ("The Federal Rules … make no provision for suits by persons using fictitious names or for anonymous plaintiffs.").

4

"Nevertheless, in certain limited circumstances, courts do allow a party to proceed under a pseudonym." *Yocom*, 257 F.3d at 1172 (quotation marks omitted). Specifically, the Tenth Circuit has held that a plaintiff should be permitted to proceed pseudonymously in

> exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246. The decision whether to permit a party to proceed under a pseudonym is committed to the informed discretion of the trial court, *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998), which must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

As particularly pertinent here, the Tenth Circuit has noted that "[s]ignificant privacy interests, such as plaintiffs' interest in keeping their sexual habits from public scrutiny," are sometimes sufficient to justify permitting anonymity. *Yocom*, 257 F.3d at 1172 (quotation marks omitted). "Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children," *i.e.*, cases involving not only human sexuality but also the potential for controversy, prohibited conduct, and/or social stigmatization. *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415-16 (10th Cir. 1982).

Plaintiffs have not identified, and the Court has not located, any Tenth Circuit decisions, or any decisions of district courts within the Tenth Circuit, that are directly on point. (*See generally* Doc. 22.) However, Plaintiffs do cite to three decisions from the Northern District of California granting plaintiffs leave to proceed anonymously in very similar circumstances. (*Id.* at 3-4, 6-7 (citing *E.F. v. CooperSurgical, Inc.*, Civ. No. 24-643-JST, "Order Directing Clerk to Directly Assign and Relate Newly Filed Cases and to Allow Plaintiffs to Proceed Pseudonymously" (N.D. Cal. filed May 13, 2024), *Q.R. v. CooperSurgical, Inc.*, Civ. No. 24-689-RS, "Order Granting

5

Motion to Proceed Pseudonymously" (N.D. Cal. filed Mar. 18, 2024), and *A.B. v. Pacific Fertility Center*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020)).)[2] In *E.F.* and *A.B.*, the court granted leave to proceed pseudonymously or anonymously without analysis.[3] However, in *Q.R.*, the court explained its decision, noting that the case was "sensitive" in nature, that forcing the plaintiffs to "disclose widely their fertility struggles" could exacerbate their injuries, and that there would be no prejudice to the defendants because the plaintiffs would be disclosing their identities to the defendants. (Doc. 22-2 at 2.) The *Q.R.* court further noted that allowing the plaintiffs to proceed under pseudonyms would not "obstruct public scrutiny from the more important issues in [the] case, that is, the product liability and fertility negligence claims," and that the "potential chilling effect caused by forcing similarly situated plaintiffs with fertility negligence claims to proceed publicly may, in fact *harm* the public interest." (*Id.* (emphasis in original).)

Similarly, in the present matter, the Court concludes that Plaintiffs should be permitted to proceed under pseudonyms in pretrial proceedings.[4] Initially, Plaintiffs' claims clearly concern "matters of a highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246; *see Doe v. Cabell Huntington Hosp., Inc.*, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) ("Medical information regarding fertility issues is surely highly personal and sensitive in nature."). Further, this case involves not only Plaintiffs' sexual conduct, but also a fertility treatment that is potentially

---

[2] Plaintiffs attach the unpublished orders in *E.F.* and *Q.R.* as exhibits to their Motion. (*See* Docs. 22-1, 22-2.)

[3] Indeed, the *A.B.* court did not even directly discuss the nature of the plaintiffs' claims in its order sealing their identities. *See A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020). However, in other decisions in the case, the court noted that the plaintiffs brought their product liability and failure to recall claims based on the alleged loss of the plaintiffs' frozen eggs and embryos. *See, e.g., In re Pac. Fertility Ctr. Litig.*, 2021 WL 862463, at *1 (N.D. Cal. Mar. 8, 2021).

[4] However, the Court defers ruling on whether Plaintiffs should be permitted to proceed under pseudonyms at trial. *Cf. E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (granting alleged sexual assault victim leave to remain anonymous in written filings but requiring her to appear under her legal name in open court).

controversial and/or socially stigmatized. *See Smith v. Hartigan*, 556 F. Supp. 157, 159-60 & n.2 (N.D. Ill. 1983) (noting that court had allowed plaintiffs who wished to undergo IVF treatment to proceed pseudonymously in case challenging constitutionality of state statute that plaintiffs understood to prohibit such treatment); *see also LePage v. Ctr. for Reprod. Med., P.C.*, — So.3d —, 2024 WL 656591 (Ala. filed Feb. 16, 2024) (holding that frozen embryos are children protected by Alabama's Wrongful Death of a Minor Act). The Court therefore finds that Plaintiffs' privacy interests outweigh the public's countervailing interest in access to Plaintiffs' true identities in these proceedings.

Moreover, the Court notes that Defendants will suffer no prejudice if Plaintiffs are permitted to proceed under pseudonyms in pretrial proceedings. Defendants already know Plaintiffs' identities and will not be hampered in their efforts to investigate and defend against Plaintiffs' claims if Plaintiffs are permitted to proceed pseudonymously in the public record. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1318-19 (11th Cir. 2011) ("Defendants are aware of the Plaintiffs' identities and thus are not barred from conducting a full range of discovery in building a defense for trial."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to defendants where they were given plaintiff's full name). That Defendants do not oppose Plaintiffs' request to proceed under pseudonyms reinforces the Court's conclusion on this point.

In sum, the Court finds that the balance of factors tips in favor of allowing Plaintiffs to proceed using pseudonyms in pretrial proceedings in this case. However, in compliance with the Federal Rules of Civil Procedure, and to allow for application of the legal principles of issue and claim preclusion, *Femedeer*, 227 F.3d at 1246, Plaintiffs will be required to file a notice, under seal, that discloses their true identities. *See Gibbs*, 886 F.2d at 1245 ("Absent permission by the

district court to proceed anonymously, and under such other conditions as the court may impose (*such as requiring disclosure of their true identity under seal*), the federal courts lack jurisdiction over … unnamed parties.") (emphasis added).

### III. Conclusion

IT IS THEREFORE ORDERED as follows:

1. Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms (Doc. 22) is GRANTED, and Plaintiffs may proceed in all publicly accessible pretrial proceedings in this case as "S.R." and "R.R."; and,

2. No later than **Friday, October 18, 2024**, Plaintiffs shall file a notice, *under seal*, that discloses their true identities. Access to the sealed notice shall be limited to the Court and case participants only.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE